IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-176-4D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROLAND WARE, | ) | |
| | ) | |
| Defendant. | ) | |

On April 29, 2010, Roland Ware ("Ware" or "defendant") filed a petition of replevin for return of personal property [D.E. 141]. On May 19, 2010, the United States responded in opposition [D.E. 144]. As explained below, the petition is denied.

On November 19, 2007, Ware pleaded guilty to bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 1344 and 2 [D.E. 64]. Ware participated in a complex scheme to defraud along with his codefendants, Eric Davorne Baerga, Ivan Malik Baerga, and Steven Daniels. On June 10, 2008, the court entered judgment against Ware and ordered him (and his codefendants jointly and severally) to pay restitution in the amount of $437,903.47 [D.E. 101].

Ware and his codefendants have yet to pay the $437,903.47 in restitution. In order to recover some of the restitution, the United States obtained a writ of execution [D.E. 126] concerning certain property, and Ware was sent a copy on April 1, 2010 [D.E. 134]. The United States is executing on certain property seized during the course of the criminal investigation, including property in the possession of Ware and his codefendants. The property includes jewelry and cars.

Ware objects to the execution on several grounds. First, Ware wants a copy of an unidentified affidavit associated with the writ of execution. Ware, however, was served with the

following documents associated with the execution: the application, the writ, and the designation of exemptions. Ware is not entitled to anything else. Thus, the objection is overruled.

Second, Ware objects to the execution and requests the return of all property seized from him. Ware provides no argument, legal or factual, as to why the United States may not execute on these items. Notably, the items were seized during the course of the investigation, and the investigating agency is in lawful possession of the property. Moreover, Ware's request conflicts with his plea agreement [D.E. 64, ¶ 2]. Thus, the objection is overruled.

Third, Ware requests a list of the property. The United States provided him with a list of the seized property [D.E. 144-1]. Thus, the objection is overruled.

Accordingly, Ware's petition [D.E. 141] is DENIED.

SO ORDERED. This 7 day of September 2010.

JAMES C. DEVER III
United States District Judge